UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:21-cr-349-KKM-CPT-1

JESUS JOSE
ADVINCULA-DELGADO,

    Defendant.
_____

## ORDER

Jesus Jose Advincula-Delgado moves for a reduction of his 121-month sentence to 97 months under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(B). Mot. for Sentence Reduction (Mot.) (Doc. 218). The United States does not oppose a reduction to 108 months based on a retroactive guidelines amendment and Advincula-Delgado's past substantial assistance. *See* Resp. (Doc. 225) at 8. But it objects that any further reduction based on a downward variance at Advincula-Delgado's sentencing violates § 1B1.10(b)(2)(B). Because § 1B1.10(b)(2)(B)'s text, structure, and precedent support the government's position, and it is consistent with the policy underlying the sentencing guidelines, I agree with the government and grant-in-part and deny-in-part Advincula-Delgado's motion.

## I. BACKGROUND

On May 12, 2021, Advincula-Delgado pleaded guilty to one count of conspiring to possess with intent to distribute cocaine while on the high seas and aboard a vessel subject to the jurisdiction of the United States. Acceptance of Plea (Doc. 85); *see* Indictment (Doc. 6); *see also* 46 U.S.C. §§ 70503(a), 70506(a), (b); 21 U.S.C. § 960(b)(1)(B)(ii). The Probation Office calculated an adjusted offense level of 38. Presentence Investigation Report (PSR) (Doc. 129) ¶¶ 22–28. With a three-level decrease for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), (b) (2018), that produced a final offense level of 35. PSR ¶ 32. Advincula-Delgado had zero criminal history points and thus a criminal history category of I, PSR ¶¶ 36–37, so his guidelines' range was 168 to 210 months' imprisonment, *see* U.S.S.G. Ch. 5, Pt. A. (2018).

The government moved for a downward departure for substantial assistance under U.S.S.G. § 5K1.1. *See* U.S. Sent'g Memo. (Doc. 131) at 2. A colleague granted that motion and departed downward two levels, (Doc. 137), bringing Advincula-Delgado's offense level to 33 and his guidelines' range to 135 to 168 months, *see* U.S.S.G. Ch. 5, Pt. A. (2018). Advincula-Delgado then moved for a downward variance based on the factors in 18 U.S.C. § 3553(a). Def.'s Sent'g Memo. (Doc. 135)

at 8–14; (Doc. 138). My colleague granted that motion, (Doc. 139), and sentenced Advincula-Delgado to 121 months' imprisonment and five-years' supervised release, Crim. J. (Doc. 140) at 1–2.

After Advincula-Delgado's sentencing, the United States Sentencing Commission amended the sentencing guidelines by adding a two-level decrease for "certain zero-point offenders." U.S.S.G. Supp. to App. C, Amend. 821, at 235–37, 241–42; *see* U.S.S.G. § 4C1.1. The Commission further provided that the amendment is retroactive. U.S.S.G. § 1B1.10(d); *see* 18 U.S.C. § 3582(c)(2).

Advincula-Delgado seeks relief under that amendment. *See* Pro Se Mot. (Doc. 197); Mot. Under the amended guideline, Advincula-Delgado's total offense level is 33 and his guidelines' range is 135 to 168 months' imprisonment. U.S.S.G. § 4C1.1; *id.* Ch. 5, Pt. A. In the light of Advincula-Delgado's past substantial assistance, the government agrees that a below-guidelines reduction to 108 months would be appropriate. Resp. at 8. Yet the parties disagree about whether a further reduction to 97 months is permitted.[1]

---

[1] The parties appear to have used a percentage-based approach to arrive at their proposed reduced sentences. *See* U.S.S.G. 1B1.10 cmt. n.3. That is a permissible, but not required, method of calculating a reduction under § 1B1.10(b)(2)(B). *See United States v. Marroquin-Medina*, 817 F.3d 1285, 1292–93 (11th Cir. 2016). The math works like this: The bottom of end of Advincula-Delgado's original guideline's range with the § 5K1.1 reduction, 135 months, is roughly 80% of the

## II. LEGAL STANDARD

Ordinarily, sentences are final upon exhaustion of direct review. Section 3582(c)(2), Title 18, allows a district court to reduce a prison sentence if the Sentencing Commission reduces a sentencing guidelines range, a reduction is consistent with the Sentencing Commission's policy statements, and the § 3553(a) factors support a reduction. The inquiry proceeds in two steps. First, the court must determine "that a reduction is consistent with § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* Only then may a court impose a reduced term of imprisonment.

## III. ANALYSIS

The parties agree that reducing Advincula-Delgado's term to 108 months is permitted under § 3582(c)(2) and § 1B1.10 and warranted under § 3553(a). *See* Mot. at 1–2; Resp. at 8. They disagree only as to whether § 1B1.10(b)(2)(B) permits me to award a further reduction to 97 months based on the variance my colleague

---

bottom of that range without the reduction (168 months). His actual sentence, 121 months—accounting for both the substantial-assistance reduction and the § 3553(a) variance—is roughly 72% of the bottom of the original range. Applying those percentages to the lower end of his amended guidelines range, 135 months, yields 108 months (80%) and 97 months (72%).

4

granted in Advincula-Delgado's original sentence. *See* Mot. at 8–14; Resp. at 2–7; *see also* (Doc. 139).

I agree with the government that I may not reduce Advincula-Delgado's to 97 months to account for that original variance. Section 1B1.10(b)(2)(B)'s text and structure strongly indicate that district courts may reduce sentences below the amended guidelines range only to account for substantial-assistance departures. That conclusion is consistent with the policy underlying the guidelines and the Eleventh Circuit's (nonbinding) view. And because § 1B1.10(b)(2)(B)'s meaning is apparent, the rule of lenity is inapplicable.

### A. Text and Structure

Interpreting the sentencing guidelines always starts with the text, using the ordinary tools of statutory interpretation. *See United States v. Dupree*, 57 F.4th 1269, 1277 (11th Cir. 2023). The relevant guideline reads:

> Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). While this provision's drafting is inartful, its meaning is plain on a close reading.

It helps to work backwards. The last clause provides that a court may impose "a reduction comparably less" than the amended guidelines range today. *Id.* "Comparably less" compared to what? The amount by which the original term "was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing *pursuant to a government motion to reflect the defendant's substantial assistance to authorities.*" *Id.* (emphasis added). Put more directly, the provision tells the court to look to the reduction the substantial-assistance motion originally caused. No other relevant comparator appears in the provision.

The use of the phrase "pursuant to" flags the relationship between the reduction and the substantial-assistance motion. "Pursuant to" generally means "in accordance with," "authorized by," "under," or the like.[2] *Pursuant To*, BLACK'S LAW DICTIONARY 1431 (10th ed. 2014); *cf. Harrow v. Dep't of Def.*, 601 U.S. 480, 486–88 (2024) (explaining that "pursuant to" meant "under" or "invok[ing]" a statutory provision).

---

[2] The "pursuant to" language was added during a revision of § 1B1.10(b) in 2011. *See* U.S.S.G. App. C, Vol. III, Amend. 759.

6

The relevant reduction is thus the reduction in accordance with a substantial-assistance motion—not any other reduction.

The provision's structure reinforces that conclusion. The guideline's general rule for post-sentencing reductions is that "the court shall not reduce the defendant's term . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). While "statutory exceptions are to be read fairly, not narrowly" as a categorical rule, *HollyFrontier Cheyenne Ref., LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 396 (2021), the focus of an exception must bear on its scope. The relevant section is titled "Exception for Substantial Assistance." U.S.S.G. § 1B1.10(b)(2)(B). That heading indicates that the focus of the exception is allowing for consideration of a defendant's substantial assistance in calculating his new sentence. *See Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) ("[S]tatutory titles and section headings 'are tools available for the resolution of a doubt about the meaning of a statute.' " (quoting *Porter v. Nussle,* 534 U.S. 516, 528 (2002))). Considering the prior reduction for substantial assistance and allowing a comparable one does just that. Nothing in the guideline's text suggests that other reductions are relevant.

Advincula-Delgado disagrees, maintaining that the reference to a substantial-assistance motion is merely a triggering provision that allows a court to consider *any* downward departure or variance. Mot. at 8–10. Simply put, his argument is that the guideline never says a court cannot consider reductions granted for reasons other than substantial assistance, "[a]nd courts must refrain from reading a limitation into a statute or guideline," so courts may consider non-substantial-assistance reductions. Mot. at 8.

To be sure, a court must not read in extratextual limitations on a guideline. *See United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011) ("When interpreting the guidelines, we apply the 'traditional rules of statutory construction, including the prohibition on rewriting statutes.'" (quoting *United States v. Shannon,* 631 F.3d 1187, 1189 (11th Cir. 2011))). Yet interpreting the guideline to permit only reductions comparable to a prior reduction for substantial assistance does not read in an extratextual limitation. Instead, it gives effect to the guideline's text by reaching for the only relevant comparator that the text itself provides.

Turning to precedent, Advincula-Delgado says that his interpretive approach tracks the Supreme Court's approach to the Second Amendment in *District of Columbia v. Heller*. 554 U.S. 570 (2008); Mot. at 9–10. In *Heller*, the majority

distinguished between the Second Amendment's[3] prefatory and operative clauses. *See* 554 U.S. at 577. The former clause announces a purpose, while the latter clause does the work. *Id.* Advincula-Delgado explains that "[s]imilar[] here, the first clause—the qualifying condition for a sentence reduction (substantial assistance)—does not limit the amount of reduction, but rather announces the qualifying condition." Mot. at 10.

This comparison is inapt. Advincula-Delgado is of course correct that the qualifying clause[4] does not itself limit the reduction. Yet unlike in the Second Amendment, the operative clause here is directly tied to the qualifying clause when it says, "a reduction *comparably less* than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added). The provision contains no relevant comparator, except for within the qualifying clause.

---

[3] The Second Amendment reads: "*A well regulated Militia, being necessary to the security of a free State*, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II (emphasis added). The italicized clause is the prefatory clause, while the latter clause is the operative. *See Heller*, 554 U.S. at 577.

[4] The qualifying clause reads: "If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

The text and structure § 1B1.10(b) thus provide that the substantial-assistance exception allows for consideration only of reductions attributable to substantial assistance.

## B. Policy

Advincula-Delgado contends that the reading above thwarts the guideline's policy. At bottom, his argument is that because both Congress and the Sentencing Commission favor special treatment for cooperators, a cooperator should therefore fully benefit from all the reductions he received at his first sentencing. Mot. at 11–13; *see* 28 U.S.C. § 994(n) ("The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed . . . to take into account a defendant's substantial assistance."); U.S.S.G. App. C, Vol. III, Amend. 759 at 420 ("[D]efendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum.").

That conclusion does not follow. While congressional policy no doubt favors cooperators, "no [guideline] pursues any single 'purpos[e] at all costs.' " *Medina v.*

*Planned Parenthood S. Atl.*, No. 23-1275, 2025 WL 1758505, at *6 (U.S. June 26, 2025) (second alteration in the original) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013)). Section 1B1.10(b)'s default rule is that the amended-guidelines-range minimum is the floor for reductions. Cooperators already get a carveout from that rule proportionate to their substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(B). Nothing in the guideline's text, nor a general policy of favoring cooperators, requires that cooperators benefit from past reductions unrelated to their assistance to the government.

True, sentencing courts are not always precise about what reductions are attributable to substantial assistance as opposed to other factors. *See, e.g.*, *United States v. Wright*, 562 F. App'x 885, 886 (11th Cir. 2014) (per curiam); *see also* Mot. at 12–13; *United States v. D.M.*, 869 F.3d 1133, 1141–42 (9th Cir. 2017). But Advincula-Delgado fails to show that such a problem is so insurmountable that it must affect the meaning of § 1B1.10(b)(2)(B). The Eleventh Circuit, for example, made quick work of a case in which the sentencing court gave no guidance as to what parts of its sentence were attributable to substantial assistance versus a § 3553(a) variance. *See Wright*, 562 F. App'x at 886. That panel resolved the defendant's challenge by looking to the government's § 5K1.1 motion as well as the defendant's

11

own requested reduction. *Id.* at 888–89. Advincula-Delgado does not explain why similar methods could not resolve any ambiguity in the mine-run of cases.

### C. Precedent

Add to all this the Eleventh Circuit's consistent view on this question. The Eleventh Circuit has weighed in on § 1B1.10(b)(2)(B)'s meaning at least four times. Each time, that court observed § 1B1.10(b)(2)(B) that allows only for reductions below the amended guideline range's minimum that are comparable to a prior substantial-assistance reduction. *See United States v. Marroquin-Medina*, 817 F.3d 1285, 1290 (11th Cir. 2016) ("If a district court exercises its discretion to apply a comparable reduction to a § 3582(c)(2) movant's amended guidelines range, that reduction may only account for a prior substantial assistance departure from the original guidelines range, and may not account for a downward variance from the same."); *see also United States v. Siracuse*, 661 F. App'x 993, 996 (11th Cir. 2016) (per curiam); *United States v. Beltran*, 650 F. App'x 980, 983 (11th Cir. 2016) (per curiam); *Wright*, 562 F. App'x at 888–89. I agree with Advincula-Delgado, though, that none of these statements are binding. *See* Reply (Doc. 229) at 2–7 (arguing, among other things, that the statement in *Marroquin-Medina* is dictum).

Of course, as Advincula-Delgado stresses, dicta is dicta. Yet the Eleventh Circuit's repeated intimation of its view is at least persuasive of the guideline's meaning. Here, it strongly suggests the right answer is that a court should depart below the amended guidelines range only to the extent that the defendant received a previous departure for substantial assistance.

### D. Lenity

Finally, Advincula-Delgado falls back on the rule of lenity. That doctrine "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008). The rule's application to the sentencing guidelines post-*Booker* is an open question in this circuit. *See, e.g.*, *United States v. Cingari*, 952 F.3d 1301, 1310–11 (11th Cir. 2020); *United States v. Wright*, 607 F.3d 708, 716–20 (11th Cir. 2010) (W. Pryor, J., concurring). Yet lenity applies only if, after "applying the traditional tools of statutory interpretation," the text remains grievously ambiguous. *Pugin v. Garland*, 599 U.S. 600, 610 (2023); *see also United States v. Dawson*, 64 F.4th 1227, 1239 (11th Cir. 2023). The text here is clear—section 1B1.10(b)(2)(B) allows for reductions for substantial assistance, and no others. No grievous ambiguity calls for applying the rule of lenity.

## IV. CONCLUSION

For the reasons above, I conclude that § 1B1.10(b) does not afford discretion to reduce Advincula-Delgado's term of imprisonment below 108 months. Because the § 3553(a) factors support it,[5] I conclude that a reduction to 108 months' imprisonment is appropriate.

Accordingly, the following is **ORDERED:**

1. Defendant Jesus Jose Advincula-Delgado's Motion for Sentence Reduction Under Amendment 821 (Doc. 218) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

2. Advincula-Delgado's pro se Motion to Reduce Term of Imprisonment (Doc. 197) is **DENIED AS MOOT.**

3. As will be reflected in a forthcoming amended judgment, I reduce Advincula-Delgado's term of imprisonment to 108 months.

---

[5] Specifically, I find relevant that (1) Advincula-Delgado committed this offense to provide for his family, (2) he took responsibility for his crime and cooperated with federal authorities, (3) 108 months' imprisonment is a substantial sentence for a first-time offender, and (4) a reduction is consistent with the sentencing guidelines and the Sentencing Commission's policy statement. *See* 18 U.S.C. § 3553(a)(1), (2), (4), (5); *see also* Amendment 821 Memorandum (Doc. 215) at 4–7; Mot. at 14–16.

**ORDERED** in Tampa, Florida, on July 10, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge